[DO  NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 29, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-16198
Non-Argument Calendar
_____

D. C. Docket No. 02-80895-CV-KAM

LISA ANDUZE,

Plaintiff-Appellant,

versus

FLORIDA ATLANTIC UNIVERSITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 29, 2005)**

Before BLACK, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Lisa Anduze, a black female, appeals the district court's grant of defendant

Florida Atlantic University's ("FAU") motion for summary judgment as to her

complaint alleging, among other things, retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3. Specifically, Anduze, who was an Admissions/Registration Coordinator in FAU's Honors College at the time, alleged that her direct supervisor Kerry Rosen, the Assistant Director for Admissions at the Honors College, and Dr. William Mech, the Dean of the Honors College, retaliated against her for filing a complaint with the FAU Equal Opportunity Office regarding alleged racially discriminatory treatment by failing to reappoint her to her current position, transferring her to a position at a different campus, and changing her conditions of employment. First, Anduze argues on appeal that the district court erred in concluding that her internal complaints of racial discrimination and harassment did not satisfy the Participation Clause of Title VII. Anduze alleges that she filed an Equal Employment Opportunity Commission ("EEOC") charge two weeks before the ultimate adverse employment action occurred. Anduze contends that the district court erred in its analysis of her retaliation claim under the Participation Clause because it failed to determine whether FAU was aware of her subjective intention to contact the EEOC. Next, Anduze argues that the district court erred in not analyzing her retaliation claim under the Opposition Clause of Title VII because her internal complaints were made in good faith. Anduze contends that the district court erred in failing to

2

assess whether a person in her position could reasonably view FAU's actions as retaliatory.

## I.

We review "a grant of summary judgment de novo, using the same legal standard as the district court." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56©)). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In order to defeat summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id., 475 U.S. at 586, 106 S.Ct. at 1356. The non-moving party must make a sufficient showing on each essential element of the case for which she has the burden of proof. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of

3

employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was some causal relation between the two events. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). Once a plaintiff has established a prima facie case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. Id. at 1266. If that burden is met, the plaintiff then bears the ultimate burden of proving, by a preponderance of the evidence, that the reason provided by the employer is a pretext for prohibited, retaliatory conduct. Id.

Under the Participation Clause of Title VII's anti-retaliation provision, an employee is protected from discrimination if she "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." See 42 U.S.C. § 2000e-3(a). The Participation Clause "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC." E.E.O.C. v. Total System Services, Inc., 221 F.3d 1171, 1174 (11th Cir. 2000). "[A]t a minimum, some employee must file a charge with the

4

EEOC (or its designated representative) or otherwise instigate proceedings under the statute for the conduct to come under the [P]articipation [C]lause." Id. at 1174 n.2. Activities invoking the jurisdiction of the federal government through the EEOC are entitled to expansive protection. See id. at 1175-76.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error.

The district court did not err in concluding that Anduze did not establish a prima facie case of retaliation under the Participation Clause. Contrary to Anduze's allegations in her brief on appeal, the copy of the EEOC charge attached to her complaint shows that the charge was filed on June 17, 2002. Evidence showed that FAU considered Anduze to have abandoned her job on May 10, 2002. Thus, Anduze could not, as a matter of law, have engaged in protected activity under the Participation Clause at the time she was considered to have abandoned her position, because she had not yet filed a charge with the EEOC. See Total System Services, Inc., 221 F.3d at 1174. Furthermore, Anduze could not satisfy the third prong of a prima facie retaliation case – showing a causal relation between the protected activity and adverse employment activity – for these same reasons.

The district court also did not err in failing to determine whether FAU was

5

aware that Anduze intended to contact the EEOC at the time Anduze was deemed to have abandoned her position. First, because Anduze did not raise this argument before the district court, and did not do so in her original brief on appeal, it is waived. See Narey v. Dean, 32 F.3d 1521, 1526 (11th Cir. 1994) (issues not argued at the district court are generally not considered on appeal); Hall v. Coram Healthcare Corp., 157 F.3d 1286, 1290 (11th Cir. 1998) ("Arguments raised for the first time in a reply brief are not properly before this [C]ourt"). Assuming arguendo this argument is preserved, however, it still fails on the merits because Anduze does not point to any evidence in the record – and independent examination does not reveal any evidence – suggesting that anyone at FAU was aware of her intention to contact the EEOC when she was deemed to have abandoned her job.

## II.

Under the Opposition Clause of Title VII's anti-retaliation provision, an employee is protected from discrimination if she "has opposed any practice made an unlawful employment practice by this subchapter." See 42 U.S.C. § 2000e-3(a). A plaintiff can establish a prima facie case of retaliation under the Opposition Clause if she shows that she had a "good faith, reasonable belief that the employer was engaged in unlawful employment practices." Little v. United Technologies,

6

Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997).  In order to satisfy this standard:

> A plaintiff must not only show that [she] subjectively (that is, in good faith) believed that [her] employer was engaged in unlawful employment practices, but also that [her] belief was objectively reasonable in light of the facts and record presented.  It thus is not enough for a plaintiff to allege that [her] belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.

Id.  "The objective reasonableness of an employee's belief that her employer has engaged in an unlawful employment practice must be measured against existing substantive law." Clover v. Total System Services, Inc., 176 F.3d 1346, 1351 (11th Cir. 1999).  Opposition Clause acts are viewed in the context of the ordinary business environment, and, thus, are given less protection than Participation Clause acts.  Total System Services, Inc., 221 F.3d at 1176.

In order to state a prima facie case of racial discrimination under Title VII, a plaintiff must establish, among other things, that an adverse employment action occurred.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).  "While not everything that makes an employee unhappy is an actionable adverse action, conduct that alters an employee's compensation, terms, conditions, or privileges of employment does constitute adverse action under Title VII."  Shannon v. Bellsouth

7

Telecommunications, Inc., 292 F.3d 712, 716 (11th Cir. 2002).

In order to state a claim of hostile work environment under Title VII, a plaintiff must establish that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (quotations omitted). Thus, a plaintiff wishing to establish a hostile work environment claim must show that (1) she belongs to a protected group; (2) she has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment;" and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir.2002).

Upon consideration of the record and upon consideration of the parties' briefs, we find no reversible error.

Assuming arguendo that Anduze preserved her argument under the

8

Opposition Clause,[1] a <u>de</u> <u>novo</u> review of the record demonstrates that no genuine issue of material fact existed as to whether Anduze could establish a <u>prima</u> <u>facie</u> case under the Opposition Clause, because Anduze did not have an objectively reasonable belief that FAU was engaged in unlawful racial discrimination or harassment. With regard to her allegations of racial discrimination, Anduze's two internal grievances preceded her transfer to the Boca Raton campus. The record reveals no evidence that she had suffered any change in her compensation, terms, conditions or privileges of employment at the time of her internal grievances that would constitute an adverse employment action. Thus, Anduze did not have an objectively reasonable belief that she had suffered racial discrimination under Title VII at the time of her two internal grievances.

Next, assuming Anduze could satisfy prongs one and two of a hostile work environment claim, Anduze proffered no evidence demonstrating that the harassment she experienced was based on race. Anduze failed to cite to any statements or incidents in which anyone employed by FAU referenced her race. Anduze claimed that Rosen's statement that she should "get her behind back to work" was racially derogatory, but no one in Anduze's position could reasonably view this statement as a reference to race. Furthermore, the affidavits of Tamika

---

[1] We note that Anduze did not expressly refer to the Opposition Clause in her pleadings or opposition to FAU's summary judgment motion.

Baugh and Amber Knox, two African-American former students in FAU's Honor College who alleged that Rosen treated them differently based on their race by attempting to cancel events for black student organizations and sending out demeaning emails about them, submitted by Anduze, describe events not experienced or known by Anduze, and are, thus, not relevant to her claim under the Opposition Clause. See Clover, 176 F.3d at 1352 ("For [O]pposition [C]lause purposes, the relevant conduct does not include conduct that actually occurred . . . but was unknown to the person claiming protection under the clause"). When measuring Anduze's belief that she was harassed based on her race against existing substantial law, and viewing the same in the context of the ordinary business environment, Little, 103 F.3d at 960, Anduze's belief was objectively unreasonable. Clover, 176 F.3d at 1351. Therefore, Anduze cannot show that she was engaged in protected activity for purposes of establishing a prima facie claim of retaliation.

**AFFIRMED.**

10